# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,
       *Plaintiff,*

       v.                                              No. 3:18CR132 (MPS)

TRAVIS McCOY,
       *Defendant.*

## RULING ON MOTION FOR COMPASSIONATE RELEASE

Defendant Travis McCoy is serving a sentence of imprisonment at FCI Danbury and has filed a motion under 18 U.S.C. § 3582(c)(1)(A) for a reduction in his term of imprisonment to time served due to the health risks posed by the COVID-19 virus. (ECF No. 72.) The government filed a memorandum in opposition (ECF No. 77), to which Mr. McCoy filed a reply brief. (ECF No. 78.) I have carefully considered these materials and the exhibits attached thereto, including the defendant's medical records (ECF No. 73) and the victims' letters (ECF No. 77-1, 77-2, and 77-3.) For the reasons that follow, the motion is denied.

On June 28, 2017, Mr. McCoy was arrested on a criminal complaint charging him with production of child pornography in violation of 18 U.S.C. § 2251(a) and enticement of a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b). On June 27, 2018, he waived indictment and pled guilty to an information charging him with enticement of a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b). On September 24, 2018, I sentenced Mr. McCoy to 156 months imprisonment. (ECF No. 71.) In doing so, I imposed a non-guidelines sentence because I found that a guidelines sentence would be substantially greater than necessary to carry out the purposes of sentencing, noting the concerns about the

applicable guidelines expressed in *United States v. Dorvee*, 616 F.3d 174, 188 (2d Cir. 2010). The sentence I imposed included a long incarceration component and a life term of supervised release "aimed at reflecting the seriousness of the offense and protecting the public and deterring the defendant from committing future crimes against minors." (ECF No. 71.)

Mr. McCoy has served 35 months of his 156 month sentence. His home confinement eligibility date is October 5, 2028 (ECF No. 73-3 at 3) and his projected release date is April 5, 2029.[1]

Section 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The Second Circuit recently has made clear that "district courts have discretion to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release." *United States v. Brooker*, No. 19-3218-CR, 2020 WL 5739712, at *7 (2d Cir. Sept. 25, 2020) ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."). Because Mr. McCoy – and not the Bureau of Prisons ("BOP") – brings the instant motion, I am not bound by the Sentencing Commission's outdated policy statement applicable to Section 3582(c)(1)(A), *see* U.S.S.G. § 1B1.13, which the Second

---

[1] https://www.bop.gov/inmateloc/

Circuit recognized as only applying to motions for sentence reduction brought by the BOP. *Id.* ("hold[ing] that Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant under the First Step Act . . ."; rather, this Guideline "only [applies] to those motions that the BOP has made" under this Act). Indeed, the Second Circuit recognized that "the district court has discretion to consider all possible reasons for compassionate release." *Brooker*, 2020 WL 5739712, at *8. However, "[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason." *Id.* (citing 28 U.S.C. § 994(t))(emphasis in original).

Therefore, I may reduce Mr. McCoy's term of imprisonment if (1) he has fully exhausted his administrative remedies or 30 days have passed from receipt of his request by the Warden, and (2) I find, after considering the Section 3553(a) factors, that "extraordinary and compelling reasons warrant" a reduction of his term of imprisonment.

It is undisputed that Mr. McCoy has met the exhaustion requirement. (ECF No. 77 at 7.) As to the merits of Mr. McCoy's motion, I find that, when all of the circumstances including the Section 3553(a) factors are considered, he has not shown that there exist "extraordinary and compelling reasons" to warrant a reduction of his term of imprisonment.

Mr. McCoy, who is 26 years old, suffers from autism. Counsel for Mr. McCoy thoroughly discusses, as he did at sentencing, the significant cognitive, psychological, and social limitations and challenges Mr. McCoy faces. Mr. McCoy argues that as a result of his condition, he is at heightened risk for contracting COVID-19 because his condition renders him less able to follow a program of social distancing, masking, and hand washing necessary to remain healthy. (ECF No. 73 at 16.) While I appreciate that Mr. McCoy's condition may present challenges to his ability to practice preventative measures, there is no evidence that he is at an

enhanced medical risk should he contract the virus.  His impairments are not among the medical conditions identified by the Centers for Disease Control and Prevention as those that place individuals at an increased risk for severe illness from COVID-19.[2]  The defendant points to reports of a higher rate of infection and death for individuals with autism but those reports go on to explain that this is as a result of underlying physical disabilities, which do not apply here. (ECF No. 73 at 25.)  Mr. McCoy has not demonstrated that he is in the class of medically vulnerable inmates for whom COVID-19 presents an increased risk of severe illness.

Further, consideration of the § 3553(a)[3] factors weighs against release in this case.  Mr. McCoy solicited sexually explicit photographs and videos from boys as young as 9 years old and enticed them to engage in masturbation or other sexually explicit conduct via Skype or other livestream application.  (PSR at ¶ 20.)  His conduct indicated a substantial need to protect the public.  As noted in the PSR and the Stipulation of Offense Conduct, the government identified four minors, ranging between 9 and 14 years of age, who were directly victimized by the defendant.  Some minors met the defendant online using Xbox Live and messaging apps.  (PSR at ¶¶ 21-25, 34.) With regard to MV3, a 14 year old boy, Mr. McCoy was the boy's camp counselor.  He continued to communicate with him after camp ended and attempted

_____

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

[3] Title 18, United States Code, Section 3553(a) instructs a sentencing court to consider, in determining the sentence to be imposed, the nature and circumstances of the offense and the history and characteristics of the defendant, among other factors.  In addition, the court shall consider the need for the sentence imposed –
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
18 U.S.C. § 3553(a)(2).

to arrange an in-person meeting with him to have sex.  (PSR at ¶¶ 26-33.)  In other relevant conduct, during a conversation on a video chat, Mr. McCoy told another boy, MV5, that he was a "pedophile."  (PSR at ¶ 35.)  When MV5 stated he did not believe him, Mr. McCoy showed him his computer files containing images of "people my age and younger…nude."  *Id.* Mr. McCoy asked MV5 to send him nude pictures of himself.  *Id.*  The PSR indicates that the defendant engaged in inappropriate conduct with campers as a camp counselor, for which he was fired, and in an another instance, asked a 9 year old boy to send him photographs.  (PSR at ¶¶ 37, 39-40, 131.)  Another counselor at summer camp reported that he or she felt "as though at times I'm watching the grooming process unfold before me. There are times that I'm truly concerned for his camper's safety."  (PSR at ¶40.)  In addition, between March 2015 and December 2016, McCoy opened and maintained a DropBox account in which he possessed 684 unique images and in excess of 89 hours of videos, some of which consisted of child pornography with identifiable children.  (PSR at ¶ 13.)  McCoy shared his DropBox account with at least one other individual and text messages between the two reveal that Mr. McCoy asked for more images.  (PSR at ¶¶ 8, 16.)

Mr. McCoy has done well during his incarceration – the records submitted by counsel indicate that he has taken classes and has had no disciplinary reports.  *See, e.g.*, ECF 73-1 at 15, 23; 73-3 at 1-2.  Although commendable, it is not enough to warrant a reduction of his term of imprisonment.  *See Brooker*, 2020 WL 5739712, at *8 ("[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.")  Mr. McCoy has served a small fraction of his sentence.  The analysis of the § 3553(a) factors has not significantly altered since his sentencing and does not support early release.  The need to protect the public and reflect the seriousness of the offense loom largest, and have not been adequately addressed by his time

served to date.

For the foregoing reasons, Mr. McCoy's motion to reduce sentence (ECF No. 72) is

DENIED.

IT IS SO ORDERED.

_____ /s/ _____
Michael P. Shea, U.S.D.J.


Dated:       Hartford, Connecticut
             October 20, 2020